UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 16-230-HRW

DAVID W. NAPIER, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits . The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff has filed various applications for disability insurance benefits , alleging disability due to back pain, gout, arthritis and "nerves" (Tr. 690). Before the Court is a decision by Administrative Law Judge Roger Reynolds ("ALJ Reynolds") dated November 20, 2012. That decision was rendered upon remand from Senior District Court Judge G. Wix Unthank for reconsideration of medical evidence. On remand, ALJ Reynolds adjudicated the period of February 14, 2006, through March 28, 2008. Notably, this period fell after the period adjudicated by ALJ Charles Arnold ("ALJ Arnold"), August 5, 2004, through February 13, 2006 (Tr. 585-92), and before the period adjudicated by ALJ Don Paris ("ALJ Paris"), March 29, 2008, through May 14, 2010 (*see* Tr. 636 n.4). ALJs Arnold and Paris both found that Plaintiff

was not disabled, and both ALJs' decisions are final (*see* Tr. 635-36). Here, on remand, ALJ Reynolds likewise found that Plaintiff was not disabled (Tr. 635-41). Prior to his decision, ALJ Reynolds convened a hearing, during which Plaintiff, accompanied by counsel, testified. At the hearing, Linda Taber, a vocational expert ( "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

Plaintiff was 52 years old in March 2008, the end of the relevant period of adjudication. He has a 9th grade education (Tr. 79). His past relevant work experience consists of work as a bulldozer operator (Tr. 640).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability, August 5, 2004, through the

period at issue and, by extension, his date last insured, September 30, 2009 (Tr. 638).

The ALJ then determined, at Step 2, that, during the period at issue, Plaintiff suffered from chronic low back pain secondary to degenerative disc disease of the lumbar spine with compression fractures of the L1 and L3 vertebrae, morbid obesity and adjustment disorder with depressive features, which he found to be "severe" within the meaning of the Regulations (Tr. 638).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 638-639).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 640) but determined that he has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except no climbing of ropes, ladders, or scaffolds; occasional climbing of stairs or ramps; no balancing; occasional stooping, kneeling, crouching, or crawling; and no exposure to concentrated vibration or industrial hazards. He required entry level work with simple repetitive procedures; no frequent changes in work routines; no requirement for detailed or complex problem solving, independent planning or the setting of goals; should work in an object-oriented environment with only occasional and casual contact with the general public (Tr. 639).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 641).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

Plaintiff filed exceptions with the agency's Appeals Council, which declined to assume jurisdiction, rendering ALJ Reynolds' second decision the final decision of the Commissioner for purposes of judicial review for the period between February 14, 2006, and March 28, 2008 (Tr. 593-95).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

## B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) ALJ Reynolds did not follow the remand Order and (2) ALJ Reynolds did not properly consider Plaintiff's obesity.

## C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that ALJ Reynolds did not follow the remand Order. Judge Unthank remanded ALJ Reynolds' prior decision because he questioned the ALJ's reliance on the opinion of State agency medical consultant Dr. Saranga rather than the opinions of treating physicians Drs. Chaney and Lingreen (Tr. 651-53).

"In order to determine whether the ALJ acted properly in disagreeing with a medical source, we must first determine the medical source's classification," *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir.2010), as "not all medical sources need be treated equally," *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir.2007). The Social Security regulations classify "acceptable medical sources into three types: nonexamining sources, nontreating (but examining) sources, and treating sources." *Id.* at 875. Generally, more weight is given to the medical "opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1); *see also Norris v. Comm'r of Soc. Sec.*, 461 Fed.Appx. 433, 439 (6th Cir.2012) (noting that a nonexamining source's opinion is given less deference than an examining (but not treating) source's opinion, which is given less deference than a treating source). But "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources." SSR 96–6p, 1996 WL 374180, at *3. One such

5

instance is where the "[s]tate agency medical or psychological consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source." *Id.* "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that opinion." 20 C.F.R. § 404.1527(c)(3). Generally, more weight is given to opinions that are "more consistent ... with the record as a whole," *id.* § 404.1527(c)(4), and opinions of "a specialist about medical issues related to his or her area of specialty." *Id.* § 404.1527(c)(5).

In response to the remand Order, ALJ Reynolds discussed the opinion of consultative physician Dr. Burchett's. He examined Plaintiff in June 2008, immediately after the period of adjudication. Dr. Burchett observed that Plaintiff walked without a significant limp and was comfortable in the sitting and supine positions (Tr. 832). Plaintiff had normal curvature of the lower spine, displayed no tenderness in the lower spine, and had a negative (normal) straight leg raise (Tr. 833). He could stand on one leg at a time without difficulty, walk on his heels and toes, and perform tandem gait (Tr. 833). Finally, Dr. Burchett observed normal range of motion in Plaintiff's spine, with no evidence of compressive neuropathy in his lower extremities (Tr. 833, 836).

The ALJ found that Dr. Burchett's examination findings called into question the extreme opinions of Drs. Chaney and Lingreen (Tr. 639). Both doctors had opined in late 2007 that Plaintiff could lift no more than 10 pounds; could sit, stand, and/or walk no more than two hours each in a workday; needed to change position every 30 minutes; and would miss work more than

three times per month (Tr. 543-45, 552-54).

The ALJ found that Dr. Burchett's overwhelmingly normal examination findings in June 2008 were inconsistent with such extreme opinions and that Plaintiff had functional limitations consistent with a range of light work (Tr. 639; *see* Tr. 359-66). The Court finds no error in this regard, as the ALJ properly articulated his reasons for discounting the opinion of a treating source, to-wit, inconsistency with other, credible evidence in the record. *See* § 404.1527(c)(5). Moreover, the ALJ's consideration of the medical evidence is consistent with the remand Order.

ALJ Reynolds also made note of Plaintiff's appearance at the October 2012 administrative hearing as further belying his claim of severe limitation (Tr. 640). The ALJ noted that Plaintiff "was not in any obvious pain or discomfort during the course of the hearing" (Tr. 640). Thus, some three years after the period under adjudication, Plaintiff's conduct did not demonstrate the level of impairment suggested by either his claims or his doctors' opinions. *See* Social Security Ruling (SSR) 96-7p, 1996 WL 374186, at *5 ("In instances where the individual attends an administrative hearing conducted by the adjudicator, the adjudicator may also consider his or her own recorded observations of the individual as part of the overall evaluation of the credibility of the individual's statements.").

As for any alleged violation of *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997) wherein the Sixth Circuit held that the Commissioner is bound by a prior final determination concerning a claimant's entitlement to benefits absent a change in circumstances. Yet, such is not the case here. ALJ Reynolds announced a more restrictive RFC than that ALJ Arnold. In other words, the instant decision is more favorable to the Plaintiff than the prior decision. Therefore, the Court finds no violation of *Drummond*.

7

Finally, Plaintiff's's suggestion that the absence of Judge Paris' decision in the record runs afoul due process is without merit. There is no indication that ALJ Reynolds relied upon that prior decision in any way and, importantly, ALJ Paris' decision refers to an entirely different period of adjudication and is, thus, irrelevant. Further, Plaintiff does not point to any prejudice resulting from the omission. He does not aver that ALJ Reynolds mischaracterized ALJ Paris' decision or otherwise erred in his discussion of ALJ Paris' findings. If any error occurred, it was harmless and not an appropriate basis for reversal or remand.

Plaintiff's second claim of error is that ALJ Reynolds did not properly consider Plaintiff's obesity. However, contrary to Plaintiff's assertion, The ALJ found that one of Plaintiff's "severe" impairments was morbid obesity (Tr. 638). Although the ALJ did not specifically cite obesity further within the RFC assessment, he did consider Dr. Burchett's normal examination findings, made when Plaintiff weighed 258 pounds (*see* Tr. 831, and showed that Plaintiff's obesity did not impact his ability to sit, stand, walk, lift, carry, or perform the other requirements of light work beyond those limitations the ALJ found (Tr. 639).

Furthermore, Plaintiff has not pointed to any evidence demonstrating that his obesity limited him more than found by the ALJ. As such, his argument fails.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 14th day of February, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge